IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action Number 05-cv-01016-RPM

MICHAEL L. ZINNA,

        Plaintiff,

v.

BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF JEFFERSON,
a body corporate and politic of the State of Colorado,
JAMES CONGROVE, individually and in his official capacity as Chairman of the Board of
County Commissioners of the County of Jefferson and Jefferson County Commissioner, District 1,
J. KEVIN McCASKY, in his official capacity as Jefferson County Commissioner, District 2,
DAVID AUBURN, in his official capacity as Jefferson County Commissioner, District 3,
TED MINK, in his official capacity as Jefferson County Sheriff,
JIM MOORE, in his official capacity as Jefferson County Administrator,
and
DOES 1-50, citizens of the State of Colorado,

        Defendants.

## ORDER ON PENDING MOTIONS

The plaintiff is the owner, publisher and editor of an online news and opinion magazine, JEFFCOEXPOSED.com, which reports about public affairs in Jefferson County, Colorado ("the County"). The plaintiff is also the host and executive producer of a radio talk show, "Colorado Exposed." In the third amended complaint, the plaintiff alleges one claim for relief pursuant to 42 U.S.C. § 1983. The plaintiff claims that various activities of the County Commissioners, the County Administrator, and the County Sheriff have deprived him of his First Amendment rights of

freedom of speech, freedom of the press, and freedom of assembly and his right to equal protection under the Fourteenth Amendment to the United States Constitution.

On February 6, 2006, defendant Jim Moore moved pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss the section 1983 claim asserted against him. The plaintiff has brought suit against Mr. Moore in his official capacity as the County Administrator. The plaintiff's sole allegations pertaining to the County Administrator are those set forth in paragraphs 41 and 45 of the third amended complaint. Paragraph 41 includes the following statement about the County Administrator: "In a meeting of the Board of County Commissioners of the County of Jefferson ("Board" or "Jefferson BoCC") on May 19, 2005, the Jefferson County Commissioners, the Jefferson County Attorney, and the Jefferson County Administrator discussed imminent litigation by Plaintiff Zinna." Paragraph 45 describes another meeting of the Board of County Commissioners held on June 16, 2005, attended by the County Administrator and others, during which there was discussion about the withdrawal of County funds from an account at Chase Bank. The plaintiff alleges that these two meetings were not accurately recorded as required by Colorado's Open Meetings Law, C.R.S. §§ 24-6-401 and 402. The plaintiff seeks declaratory and injunctive relief directed to the County Administrator.

These allegations are not sufficient to state a section 1983 claim against the County Administrator. The County Administrator's attendance at two meetings of the Board of County Commissioners, without more, is not a sufficient basis for a section 1983 claim against the County Administrator. The plaintiff has not alleged facts sufficient to show that a custom, policy, or practice of the County Administrator caused the plaintiff to suffer a constitutional deprivation. The allegation that the Board of County Commissioners failed to record discussions according to

the requirements of the Colorado Open Meetings law does not bolster the claim against the County Administrator. Section 1983 does not create a remedy for rights created under state law and is not available to redress violations of state sunshine laws. In addition, there are no allegations that the County Administrator had authority over the procedures or decisions of the Board of County Commissioners.

In a surreply brief filed on April 10, 2006, the plaintiff described another meeting of the Board of County Commissioners held on January 4, 2006. The plaintiff contends that those in attendance held a closed discussion to talk about methods for violating his civil liberties. The plaintiff's surreply states that the County Administrator later installed switches on the microphones used for public comment at meetings of the Board of County Commissioners. The plaintiff apparently contends that this action was taken to facilitate the County's ability to silence him. The plaintiff did not seek leave of court to file a surreply, and he has not offered any excuse for his failure to include those arguments in the response brief he submitted on March 1, 2006. Nevertheless, even if the plaintiff's surreply is considered, the plaintiff's claim against the County Administrator fails. There are no allegations of a continuing policy, custom, or practice of the County Administrator that is depriving the plaintiff of his constitutional rights, and thus no basis for injunctive relief.

Defendant Ted Mink also moved pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss the section 1983 claim asserted against him. Defendant Mink is the Sheriff of Jefferson County. The plaintiff's section 1983 claim against Sheriff Mink is brought against him in his official capacity only. The plaintiff seeks injunctive relief directed to the Sheriff. The factual allegations

supporting the plaintiff's claim against the Sheriff are set forth in paragraphs 23 and 24 of the third amended complaint which state:

> 23. Plaintiff Zinna, in his capacity as a journalist, received a tip and learned of an "Authority for Release of Information" ("Release") distributed to certain potential tenants at the Jefferson County Airport as a condition of the potential tenants being allowed to rent space. Plaintiff Zinna learned that the Release was published on letterhead of the Jefferson County Sheriff's Office (JCSO). The invasive nature of the Release raised Plaintiff Zinna's curiosity and, during the course of his investigation, Plaintiff Zinna showed a copy of the Release to Jefferson County Sheriff Ted Mink and asked Sheriff Mink what he knew about the Release. Sheriff Mink denied all knowledge of the Release, and vehemently denied that he had authorized the use of JCSO letterhead for this purpose. Other Jefferson County officials, now defendants, knew of the Release. They prevailed upon Plaintiff Zinna neither to report on his website the existence of the Release nor any details of the distribution and use of the Release.
>
> 24. Defendants Jefferson County Sheriff Ted Mink, Jefferson County Commissioner James Congrove, Jefferson County Commissioner Kevin McCasky, and Jefferson County Commissioner David Auburn knowingly, willfully, and wantonly, engaged in illegal behavior, and in an illegal conspiracy, to intimidate, threaten, harass, coerce, and otherwise violate the rights of Plaintiff Zinna, by ordering or facilitating the "close-contact" surveillance by multiple Jefferson County Sheriff's Deputies on Plaintiff Zinna at any time Plaintiff Zinna entered the Jefferson County Courts and Administration Building.

These allegations are not sufficient to state a section 1983 claim against Sheriff Mink. The plaintiff has not identified any policy, practice or custom of the Sheriff's office that would support a section 1983 claim against the Sheriff. The plaintiff alleges that Sheriff's deputies closely followed him at the Jefferson County Courts and Administration Building, but he has not alleged any actual interference with his civil liberties resulting from such activity. In a surreply brief filed on April 10, 2006, the plaintiff described another incident at a meeting of the Board of County Commissioners held on February 14, 2006, when a sheriff's deputy allegedly moved toward the plaintiff as he approached the lectern to speak. The plaintiff did not seek leave of

court to file a surreply brief, and he has not offered any excuse for failing to include those statements and arguments in the response brief he submitted on March 1, 2006. Even if the plaintiff's surreply is considered, however, the plaintiff's allegations are insufficient to support a section 1983 claim against the Sheriff for the reasons stated.

Also pending are the following motions pursuant to Fed. R. Civ. P. 11 brought by persons named as defendants in the original complaint:

(1) the motion for sanctions filed on September 16, 2005 by Jefferson County, James Congrove, J. Kevin McCasky, David Auburn, Ted Mink, Patrick Thompson, Ellen Wakeman, Lily Oeffler, John Thirkell, Dan Brindle, and Michelle Lawrence, and joined by Charles Montoya, Susan Prose, Troy Stover, John, Masson, and William Tuthill, III;

(2) Sheri Sheehan's motion for sanctions, filed January 3, 2006;

(3) Richard Sheehan's motion for sanctions, filed January 3, 2006, and

(4) Cynthia Beyer-Ulrich's motion for sanctions, filed January 4, 2006.

Upon review of these motions and the plaintiff's responses to them, it is apparent that full consideration of the issues will require an evidentiary hearing to allow the plaintiff and his counsel an opportunity to present evidence regarding their investigation of the factual and legal bases for the claims that were brought against those persons named as defendants in the original complaint. It may also require the representation of Chris Paulson by separate counsel. To proceed with such a hearing before the adjudication of the issues remaining in the case would possibly seen as affecting the impartiality of this court in adjudicating those issues. The motions for sanctions will be held in abeyance.

Based on the foregoing, it is

ORDERED that the motion for clarification filed by defendants Ted Mink and Jim Moore on December 23, 2005 is moot; and it is

FURTHER ORDERED that defendant Jim Moore's motion to dismiss the third amended complaint is granted, and it is

FURTHER ORDERED that defendant Ted Mink's motion to dismiss the third amended complaint is granted, and it is

FURTHER ORDERED that the defendants' motion to strike the plaintiff's surreply is moot; and it is

FURTHER ORDERED that the following motions are to be held in abeyance: (1) the defendants' motion for sanctions filed September 16, 2005 [Doc. 15]; (2) Sheri Sheehan's motion for sanctions, filed on January 3, 2006 [Doc. 79]; (3) Richard Sheehan's motion for sanctions, filed January 3, 2006 [Doc. 80], and (4) Cynthia Beyer-Ulrich's motion for sanctions, filed January 4, 2006 [Doc. 81].

Dated: July 7, 2006

BY THE COURT:

s/Richard P. Matsch

Richard P. Matsch, Senior District Judge