IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-CV-01016-RPM-MJW

MICHAEL L. ZINNA,

    Plaintiff,

v.

THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF JEFFERSON,
a body politic and corporate of the State of Colorado, and
JAMES CONGROVE, individually, and in his official capacity as
Chairman of the Board of County Commissioners of the County of Jefferson and
Jefferson County Commissioner, District I,

    Defendants.

---

**ORDER REGARDING:**
**(1) DEFENDANT JAMES CONGROVE'S MOTION TO STAY DEPOSITION AND FOR PROTECTIVE ORDER (DOCKET NO. 128);**
**(2) DEFENDANT JAMES CONGROVE'S MOTION TO COMPEL (DOCKET NO. 129);**
**(3) DEFENDANT JAMES CONGROVE'S RULE 26(C)(4) MOTION TO LIMIT SCOPE OF DEPOSITION (DOCKET NO. 134);**
**AND,**
**(4) PRO SE PLAINTIFF MICHAEL L. ZINNA'S MOTION TO AMEND SCHEDULING ORDER AND EXTEND THE DEADLINE FOR JOINDER OF PARTIES/AMENDMENT TO PLEADINGS (DOCKET NO. 146)**

---

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

    This matter is before the court on (1) Defendant James Congrove's Motion to Stay Deposition and for Protective Order (docket no. 128); (2) Defendant James Congrove's Motion to Compel (docket no. 129); (3) Defendant James Congrove's Rule 26(c)(4) Motion to Limit Scope of Deposition (docket no. 134); and (4) Pro Se Plaintiff Michael L. Zinna's Motion to Amend Scheduling Order and Extend the Deadline for

2

Joinder of Parties/Amendment to Pleading (docket no. 146). The court has reviewed these motions, responses, and replies thereto that have been filed. In addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law, and order.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

The court finds:

1. That I have jurisdiction over the subject matter and over the parties to this lawsuit;

2. That venue is proper in the state and District of Colorado;

3. That each party has been given a fair and adequate opportunity to be heard on the subject motions listed above;

4. That the Pro Se Plaintiff Michael L. Zinna (hereinafter "Pro Se Plaintiff Zinna") has failed to file any timely response to Defendant James Congrove's Motion to Stay Deposition and for Protective Order (docket no. 126) and Defendant James Congrove's Motion to Compel (docket no. 129) as required under D.C.COLO.LCivR 7.1C, and therefore I find that the Pro Se Plaintiff Zinna has confessed both of these motions;

5. That Pro Se Plaintiff Zinna alleges a 42 U.S.C. § 1983 claim for relief in the Third Amended Complaint only. In particular, Pro Se Plaintiff Zinna alleges that Defendants Jefferson County and

3

James Congrove violated his First Amendment rights from March to early May 2005 when Jefferson County informed the Pro Se Plaintiff it would be more receptive towards settling a lawsuit in which the Pro Se Plaintiff claimed a third party beneficial interest if the Pro Se Plaintiff refrained from filing Open Records Act requests, attending Board meetings, appearing in the Jefferson County Courts and Administration Building, and publishing on his website articles critical of Jefferson County government officials and their policies. Pro Se Plaintiff Zinna further alleges that Defendants imposed prior restraint and viewpoint discrimination on him to prevent him from publishing information alleging James Congrove had engaged in bank fraud and forgery before James Congrove became a Jefferson County Commissioner.

6. That the decision to grant a protective order under Fed. R. Civ. P. 26(c) is vested in the district court's discretion. Thomas v. International Bus. Machines, 48 F.3d 478, 482 (10th Cir. 1995). Fed. R. Civ. P. 26(c) permits a trial judge to enter protective orders which will protect a party from annoyance, embarrassment, oppression, or undue burden. Cooke v. New Mexico Junior College Bd., 579 F.2d 568, 570 (10th Cir. 1978).

7. That Fed. R. Civ. P. 26(b)(1) provides that parties may obtain discovery of any matter, not privileged, that is relevant to the claim

4

or defense of any party. "[W]hen relevancy is not apparent on the face of the request, the party seeking the discover has the burden to show the relevancy of the request." Johnson ex rel. Johnson v. Olathe Dist. Schools, 212 F.R.D. 582, 586 (D. Kan. 2003). Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. See Fed. R. Civ. P. 26(b)(1).

8. That Defendant Congrove's personal financial affairs are irrelevant to Plaintiff's 42 U.S.C. § 1983 claim.

9. That Pro Se Plaintiff Zinna testified in his deposition that he has hundreds of hours of audiotape conversations of Mr. Congrove and other Jefferson County officers and employees who have been indemnified as fact witnesses;

10. That Rule 501 of the Federal Rules of Evidence provides that the privilege of a witness or person "shall be governed by the principles of the common law as they may interpreted by the courts of the United States in the light of reason and experience." However, in cases where an element of a claim or defense as to which State law supplies the rule of decision, the privilege of a witness or person shall be governed by State law. Fed. R. Evid. 501;

11. That Pro Se Plaintiff Zinna's Third Amended Complaint, which is

5

the operative pleading in this case, alleges only a single cause of action, namely an alleged violation of 42 U.S.C. § 1983. Accordingly, Federal law and not State law on privilege applies in this case, and therefore Pro Se Plaintiff Zinna's claim of "press shield privilege" under Colorado law is without merit;

12. That to the extent that Pro Se Plaintiff Zinna is arguing that he also has a Federal common law "press privilege," this court finds that Plaintiff waived such privilege when he filed this lawsuit. Driscoll v. Morris, 111 F.R.D. 459 (D. Conn. 1986); Anderson v. Nixon, 444 F. Supp. 1195 (D.D.C 1978). See Campus Communications, Inc., v. Freedman, 374 So.2d 1169 (Fla. App. 1979). Moreover, the court finds that Pro Se Plaintiff Zinna has failed to provide to Defendants a written privilege log after being requested to do so by Defendants' counsel and has therefore failed to comply with Fed. R. Civ. P. 26(b)(5), and such conduct constitutes a waiver as to all documents, records, and recordings that Pro Se Plaintiff Zinna has withheld from disclosure;

13. That there is no attorney-client privilege as to communications between Pro Se Plaintiff Zinna and Mr. Boog and Mr. Wyler. Pro Se Plaintiff Zinna has failed to demonstrate that his communications with Mr. Boog and Mr. Wyler are protected by the attorney-client privilege. See Horton v. United States, 204 F.R.D.

6

670, 673 (D. Colo. 2002). Moreover, there is no evidence that suggests that these communications were for the purpose of providing legal advice, third-parties were present during these communications, and any privilege would have been waived by Pro Se Plaintiff Zinna including references to these communications with Mr. Boog and Mr. Wyler as outlined in the Pro Se Plaintiff Zinna's Third Amended Complaint.

14. That Pro Se Plaintiff Zinna's original Complaint was filed on June 3, 2005. Thereafter, Judge Matsch allowed Pro Se Plaintiff Zinna to amend his Complaint twice. As mentioned above, the operative pleading is the Third Amended Complaint. Furthermore, Judge Matsch has previously allowed all parties adequate time to join additional parties or to amend the pleadings. In addition, Magistrate Judge Watanabe provided the parties additional time to join additional parties or amend the pleadings until July 13, 2007. See Rule 16 Scheduling Order (docket no. 144) entered by Magistrate Judge Watanabe on June 8, 2007. That Pro Se Plaintiff Zinna has failed to demonstrate "good cause" why further extensions of time to allow joinder of additional parties or to amend the pleadings should be granted.

15. That Pro Se litigants must "comply with the fundamental requirements of the Federal Rules of Civil . . . Procedure." Odgen

7

v. San Juan County, 32 F.3d 452, 455 (10th Cir. 1994); People v. Carter, 678 F. Supp. 1484, 1490 (D. Colo. 1986).  It is not the proper function of the district court to assume the role of advocate for the pro se litigant.  Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

**ORDER**

**WHEREFORE**, based upon these findings of fact and conclusions of law, this court **ORDERS**:

1. That Defendant James Congrove's Motion to Stay Deposition and for Protective Order (docket no. 128) is **GRANTED**.  That Mr. Congrove's deposition shall not take place until after Pro Se Plaintiff Zinna provides to Defendants discovery as outlined in paragraphs 5 and 6 below;

2. That Defendant James Congrove's Motion to Compel (docket no. 129) is **GRANTED** as outlined in more detail below;

3. That Defendant James Congrove's Rule 26(c)(4) Motion to Limit Scope of Deposition (docket no. 134) is **GRANTED**.  That Pro Se Plaintiff Zinna shall not be permitted to inquire into James Congrove's personal financial affairs during Mr. Congrove's deposition;

4. That the parties shall re-schedule the deposition of Pro Se Plaintiff

8

Zinna.  That Mr. Zinna shall be required to answer those questions that were asked of him during his first deposition where he claimed attorney-client and/or press privilege.  That the Defendants shall be permitted five (5) additional hours to depose Mr. Zinna;

5. That Pro Se Plaintiff Zinna shall provide to the Defendants all documents, audio recordings, photographs, affidavits, and other materials that he should have provided per the written discovery requests by Defendants on or before August 15, 2007;

6. That Pro Se Plaintiff Zinna shall provide to the Defendants a written privilege log for any other remaining undisclosed items;

7. That Pro Se Plaintiff Michael L. Zinna's Motion to Amend Scheduling Order and Extend the Deadline for Joinder of Parties/Amendment to Pleadings (docket no. 146) is **DENIED**; and,

8. That each party shall pay their own attorney fees and costs for these motions.

Done this 2nd day of August 2007.

BY THE COURT

s/ Michael J. Watanabe
Michael J. Watanabe
U.S. Magistrate Judge