IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-01016-RPM-MJW

MICHAEL L. ZINNA,

    Plaintiff,

v.

THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF JEFFERSON,
a body politic and corporate of the State of Colorado, and
JAMES CONGROVE, individually, and in his official capacity as
Chairman of the Board of County Commissioners of the County of Jefferson and
Jefferson County Commissioner, District I,

    Defendants.

---

**ORDER REGARDING
(1) DARIL CINQUANTA'S MOTION TO LIMIT SCOPE OF DEPOSITION OF DARIL CINQUANTA (DOCKET NO. 157)
AND
(2) SARAH K. REDMOND'S MOTION FOR PROTECTIVE ORDER PURSUANT TO F.R.Civ.P [SIC] 30(B)(3) AND (4) AND FOR THE AWARD OF EXPENSES PURSUANT TO F.R.Civ.P. [SIC] 37(A)(4) (DOCKET NO. 160)**

---

**MICHAEL J. WATANABE
United States Magistrate Judge**

    This matter is before the court on: (1) Daril Cinquanta's Motion to Limit Scope of Deposition of Daril Cinquanta (docket no. 157) and (2) Sarah K. Redmond's Motion for Protective Order Pursuant to F.R.Civ.P. [sic] 30(d)(3) and (4) and For the Award of Expenses Pursuant to F.R.Civ.P. [sic] 37(a)(4) (docket no. 160). The court has reviewed the subject motions, responses (docket nos. 166 and 172), and exhibits attached thereto. In addition, the court has taken judicial notice of the court's file and

has considered applicable Federal Rules of Civil Procedure and case law.  The court now being fully informed makes the following findings of fact, conclusions of law, and order.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

This lawsuit involves one claim pursuant to 42 U.S.C. § 1983, brought by Plaintiff Michael Zinna against Defendants the Board of County Commissioners of the County of Jefferson and James Congrove.  Plaintiff claims that Defendants deprived him of his First Amendment rights by informing him that they would be more receptive towards settling a lawsuit (in which Plaintiff claimed a third party beneficial interest) if Plaintiff refrained from filing Open Records Act requests, attending Board meetings, appearing in the Jefferson County Courts and Administration Building, and publishing critical articles on his website relating to Jefferson County officials and policies.  It should be noted that Judge Matsch previously declined to exercise supplemental jurisdiction over any state law claims.

Cinquanta's motion (docket no. 157) requests that his court enter an order limiting the scope of his deposition to those matters which have not already been testified to in a prior deposition and clarifying that the deposition is limited to questions reasonably calculated to lead to the discovery of admissible evidence regarding the "campaign of witness intimidation and retaliation" alleged in Plaintiff's Third Amended Complaint.

Rule 26(b)(1) of the Federal Rules of Civil Procedure allows a party to obtain discovery of "any matter, not privileged, that is relevant to the claim or defense of any

3

party . . . ."  To be relevant for discovery purposes, the information sought must be "reasonably calculated to lead to the discovery of admissible evidence."  Fed. R. Civ. P. 26(b)(1).

Rule 26(c) provides that upon motion by a person from whom discovery is sought and for good cause shown, the court "may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ."  Furthermore, an order pursuant to Fed. R. Civ. P. 26(c)(4) may prohibit inquiry into certain matters or may limit the scope of the discovery to certain matters.

Here, the court finds that Cinquanta has already provided substantial testimony during his deposition on July 26, 2007, in the companion case of <u>Colin Farrell Photography, Inc. v. BJC Development, Michael Zinna, and Colorado Exposed, LLC.</u>, Case No. 06-CV-326, that is currently pending in the Jefferson County District Court.  *See* docket no. 157-2.  Pursuant to Fed R. Civ. P. 26(c) and <u>Qwest Communications Intern., Inc. v. WorldQuest Networks, Inc.</u>, 213 F.R.D. 418, 419 (D. Colo. 2003), this court finds that in the interest of justice and in order to prevent annoyance, harassment, and excessive and burdensome discovery that is not relevant to the issues before this court, an order limiting the scope of Cinquanta's deposition is merited.

Redmond's Motion (docket no. 160) requests that his court enter a protective order pursuant to Fed. R. Civ. P. 30(d)(3) and (4).  Furthermore, Redmond requests that this court order that Ms. Redmond's deposition is concluded and that she is not subject to further rescheduling of her deposition and to award her reasonable

4

expenses, including reasonable attorney fees pursuant to Fed. R. Civ. P. 37(a)(4).

Here, the court finds that Plaintiff has had adequate time to depose Ms. Redmond, and he has asked many questions which were not relevant to the issues before this court and not reasonably calculated to lead to the discovery of admissible evidence and appear to have been asked to simply harass, embarrass and/or intimidate the deponent/witness Ms. Redmond.  *See* exhibit A, transcript of Sara K. Redmond's deposition taken on September 17, 2007, attached to Sarah K. Redmond's Motion for Protective Order Pursuant to F.R.Civ.P. [sic] 30(d)(3) and (4) and For the Award of Expenses Pursuant to F.R.Civ.P. [sic] 37(a)(4) (docket no. 160).  Lastly, the court finds that it is necessary in this case for this court to enter a protective order in order to protect the deponent/witness Ms. Redmond from any additional harassment and annoyance by Plaintiff.

## ORDER

**WHEREFORE**, based upon these findings of fact and conclusions of law, the court **ORDERS**:

    1.    That Daril Cinquanta's Motion to Limit Scope of Deposition of Daril Cinquanta (docket no. 157) is **GRANTED**;

    2.    That Plaintiff's deposition of Daril Cinquanta shall be limited in scope to the following areas of inquiry only:

        (a)  to questions pertaining to paragraph 44 in the Third Amended Complaint;

5

     (b) to questions pertaining to the single claim for relief under 42 U.S.C. § 1983; and,

     (c) to questions pertaining to any affirmative defense raised in the pleadings.

3. That Plaintiff may not ask any question that has already been asked of Daril Cinquanta in his prior deposition (docket no. 157-2);

4. That Plaintiff's deposition of Daril Cinquanta shall be limited to four (4) hours;

5. That Sarah K. Redmond's Motion for Protective Order Pursuant to F.R.Civ.P. [sic] 30(d)(3) and (4) and For the Award of Expenses Pursuant to F.R.Civ.P. [sic] 37(a)(4) (docket no. 160) is **GRANTED IN PART AND DENIED IN PART**;

6. That Sarah K. Redmond's Motion for Protective Order Pursuant to F.R.Civ.P. [sic] 30(d)(3) and (4) and For the Award of Expenses Pursuant to F.R.Civ.P. [sic] 37(a)(4) (docket no. 160) is **GRANTED** insofar as the deposition of Sarah K. Redmond taken by Plaintiff on September 17, 2007, is concluded, and Ms. Redmond is not subject to further deposition by Plaintiff in this case except by further Order of Court;

7. That the remainder of the relief sought in Sarah K. Redmond's Motion for Protective Order Pursuant to F.R.Civ.P. [sic] 30(d)(3) and (4) and For the Award of Expenses Pursuant to F.R.Civ.P. [sic]

6

37(a)(4) (docket no. 160) is **DENIED**;

8. That all parties and deponents/witnesses Daril Cinquanta and Sarah K. Redmond shall pay their own attorney fees and costs for these two motions.

Done this 12th day of October 2007.

                                      BY THE COURT

                                      s/ Michael J. Watanabe
                                      MICHAEL J. WATANABE
                                      U.S. MAGISTRATE JUDGE