IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-01016-RPM-MJW

MICHAEL L. ZINNA,

      Plaintiff,

v.

THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF JEFFERSON,
a body politic and corporate of the State of Colorado, and
JAMES CONGROVE, individually, and in his official capacity as
Chairman of the Board of County Commissioners of the County of Jefferson and
Jefferson County Commissioner, District I,

      Defendants.

---

## ORDER REGARDING DEFENDANT CONGROVE'S MOTION FOR SANCTIONS (DOCKET NO. 155)

---

**MICHAEL J. WATANABE**
**United States Magistrate Judge**


      This matter is now before the court for consideration of Defendant Congrove's

Motion for Sanctions (docket no. 155).  The court has reviewed the subject motion

(docket no. 155), response (docket no.156), and reply (docket no. 162).  In addition,

the court has taken judicial notice of the court's file and has considered applicable

Federal Rules of Civil Procedure and case law.  The court now being fully informed

makes the following findings of fact, conclusions of law, and order.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

      In the subject motion, Defendant Congrove seeks sanctions against Plaintiff

Zinna pursuant to Fed. R. Civ. P. 37(b)(2) for failing to produce documents and audio

2

recordings as previously ordered by Magistrate Judge Watanabe.  Such documents and recordings were to be produced by August 15, 2007, to Defendants prior to Plaintiff Zinna's deposition.  *See* page 8, paragraph 5 in Magistrate Judge Watanabe's Order (docket no. 150).

Initially, I will incorporate by reference the findings of fact and conclusions of law that I issued in my Order dated August 2, 2007 (docket no. 150).  I find that on February 12 and 13, 2007, Defendants initially deposed Plaintiff Zinna.  I further find that a subsequent deposition of Plaintiff Zinna was held in the Alfred A. Arraji United States Courthouse after August 15, 2007, following my Order (docket no. 150) dated August 2, 2007.  During this deposition, I was called into the deposition on multiple occasions by the parties to rule on disputed issues concerning the scope and manner in which Plaintiff Zinna's deposition was being conducted.  I ruled on many issues that were brought to my attention at that time.  *See* deposition transcript of Plaintiff Zinna. Following my rulings during Plaintiff Zinna' deposition, I now find that Plaintiff Zinna did not turn over some of the discovery to Defendants as previously ordered by this court. Moreover, in reviewing portions of Plaintiff Zinna's deposition transcript as outlined in Defendant's reply (docket no. 162) with Plaintiff Zinna's statements to me during my rulings at Plaintiff's deposition, I find inconsistencies in Plaintiff's deposition testimony and statements to me during my rulings at his deposition concerning the subject discovery involved in the motion (docket no. 155) before this court.  Moreover, I find that during Plaintiff Zinna's deposition, he testified that he had audio recordings of numerous individuals and documents concerning witnesses who have been identified

as fact witnesses in this case.  They include:

a.    10 to 20 recordings of Commissioner Congrove (only 3 have been produced) (Zinna Dep. at 37:14-38:1; 41:1-41:3);

b.    6 recordings of Jefferson County Internal Auditor Susan Johnson, none has been produced (Zinna Dep. at 42:14-42:19; 44:4-44:10);

c.    4 recordings of former Jefferson County Commissioner Rick Sheehan, none has  been produced (Zinna Dep. at 41:5-41:12);

d.    3 or 4 recordings of former Jefferson County Commissioner Michelle Lawrence, none has been produced (Zinna Dep. at 41:13-41:21);

e.    Numerous recordings of former Jefferson County Treasurer Mark Paschall, only 3 have been produced (Zinna Dep. at 44:11-46:4);

f.    4 recordings of Daril Cinquanta, only 1 has been produced (46:11-46:15);

g.    Numerous recordings of Lori Stille, none has been produced (49:14-49:16);

h.    Recordings of Lori Stille and Kristi Sigg, none has been produced (51 :9-51:14);

i.    2 recordings of Rick Nelson, only 1 has been produced (54:15-54:25);

j.    10 recordings of Jefferson County Sheriff deputies, none has been produced (58:24-59:3);

k.    3 recordings of Tom Graham, only 2 have been produced (61:2-61:6);

l.    Recordings of Heath Urie, none has been produced (62:5-62:10);

m.    12 recordings of former Jefferson County Attorney Frank Hutfless, only 1

has been produced (78:19-78:24); (97:10-97:19);

n.   Catalogue/Index of audio recordings (Zinna Dep. at 47:18-48:2; 162:1-162:6);

o.   Copies of Mr. Zinna's personal notes related to the incidents in or relevant to Complaint (Zinna Dep. at 206:8-206:16; 285:2-285:3; 289:19-289:25);

p.   Six sworn statement/Affidavits related to the Complaint (Zinna Dep. at 145:22-147:23, 148:13-148:24; 333:4-334:21);

q.   Notes of conversation between Mr. Paulson, Mr Wyler, and Mr. Zinna (Zinna Dep. at 91:24-92:18);

r.   Emails from former County Attorney Frank Hutfless regarding settlement (Zinna Dep .at 97:13-97:23; 98:25-99:21);

s.   Notes of incident where Mr. Zinna allegedly was asked to leave the Jefferson County Courts and Administration Building (Zinna Dep. at 127:7-127:21);

t.   Documents related to the Coloradowackoexposed website (Zinna Dep. at 129:25-130:11);

u.   Copies of emails and faxes from sources (Zinna Dep. at 156:9-156:19);

v.   Unredacted copy of Deposition Exhibit 13 (sender's name is redacted) (Zinna Dep. at 184:23-185:6);

w.   Documents related to the Coloradowackoexposed website and statements from sources and identity of sources (Zinna Dep. at 300:10-300:17); and

5

x.      Copy of the email referenced in paragraph 37 of the Third Amended

        Complaint.

Fed. R. Civ. P. 37(b)(2) provides for sanctions when a party fails to comply with

a court's discovery order.  Although Defendant Congrove strongly argues for sanctions

against Plaintiff Zinna, I find that Plaintiff Zinna is Pro Se but has now been placed on

**actual notice** by me about sanctions that could be imposed by this court against him if

he fails to comply with discovery orders or other orders of this court in the future.

Accordingly, I will not impose sanctions against Plaintiff Zinna at this stage of the

proceedings, but sanctions will strongly be considered by me if Plaintiff Zinna fails to

comply with any further court orders that are entered in this case.

**ORDER**

**WHEREFORE**, based upon these findings of fact and conclusions of law, this

court **ORDERS**:

1.      That Defendant Congrove's Motion for Sanctions (docket no. 155)

        is **GRANTED IN PART AND DENIED IN PART**;

2.      That the motion (docket no. 155) is **GRANTED** in that Plaintiff

        Zinna shall provide to all Defendants copies of the following

        documents and audio tapes on or before November 15, 2007:

        a.      10 to 20 recordings of Commissioner Congrove (only 3 have

                been produced) (Zinna Dep. at 37:14-38:1; 41:1-41:3);

        b.      6 recordings of Jefferson County Internal Auditor Susan

                Johnson, none has been produced (Zinna Dep. at 42:14-

6

42:19; 44:4-44:10);

c.    4 recordings of former Jefferson County Commissioner Rick Sheehan, none has been produced (Zinna Dep. at 41:5-41:12);

d.    3 or 4 recordings of former Jefferson County Commissioner Michelle Lawrence, none has been produced (Zinna Dep. at 41:13-41:21);

e.    Numerous recordings of former Jefferson County Treasurer Mark Paschall, only 3 have been produced (Zinna Dep. at 44:11-46:4);

f.    4 recordings of Daril Cinquanta, only 1 has been produced (46:11-46:15);

g.    Numerous recordings of Lori Stille, none has been produced (49:14-49:16);

h.    Recordings of Lori Stille and Kristi Sigg, none has been produced (51 :9-51:14);

i.    2 recordings of Rick Nelson, only 1 has been produced (54:15-54:25);

j.    10 recordings of Jefferson County Sheriff deputies, none has been produced (58:24-59:3);

k.    3 recordings of Tom Graham, only 2 have been produced (61:2-61:6);

7

l.      Recordings of Heath Urie, none has been produced (62:5-
        62:10);

m.      12 recordings of former Jefferson County Attorney Frank
        Hutfless, only 1 has been produced (78:19-78:24); (97:10-
        97:19);

n.      Catalogue/Index of audio recordings (Zinna Dep. at 47:18-
        48:2; 162:1-162:6);

o.      Copies of Mr. Zinna's personal notes related to the
        incidents in or relevant to Complaint (Zinna Dep. at 206:8-
        206:16; 285:2-285:3; 289:19-289:25);

p.      Six sworn statement/Affidavits related to the Complaint
        (Zinna Dep. at 145:22-147:23, 148:13-148:24; 333:4-
        334:21)

q.      Notes of conversation between Mr. Paulson, Mr Wyler, and
        Mr. Zinna (Zinna Dep. at 91:24-92:18);

r.      Emails from former County Attorney Frank Hutfless
        regarding settlement (Zinna Dep. at 97:13-97:23; 98:25-
        99:21);

s.      Notes of incident where Mr. Zinna allegedly was asked to
        leave the Jefferson County Courts and Administration
        Building (Zinna Dep. at 127:7-127:21);

t.      Documents related to the Coloradowackoexposed website

8

(Zinna Dep. at 129:25-130:11);

u.    Copies of emails and faxes from sources (Zinna Dep. at 156:9-156:19);

v.    Unredacted copy of Deposition Exhibit 13 (sender's name is redacted) (Zinna Dep. at 184:23-185:6);

w.    Documents related to the Coloradowackoexposed website and statements from sources and identity of sources (Zinna Dep. at 300:10-300:17); and

x.    Copy of the email referenced in paragraph 37 of the Third Amended Complaint;

3.    That the motion (docket no. 155) is **DENIED** as to awarding attorney fees and costs against Plaintiff Zinna.  Each party shall pay their own attorney fees and costs for this motion.

Done this 29th day of October 2007.

BY THE COURT

s./Michael J. Watanabe
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE