IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-01016-RPM-MJW

MICHAEL L. ZINNA,

    Plaintiff,

v.

THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF JEFFERSON,
a body politic and corporate of the State of Colorado, and
JAMES CONGROVE, individually, and in his official capacity as
Chairman of the Board of County Commissioners of the County of Jefferson and
Jefferson County Commissioner, District I,

    Defendants.

---

**RECOMMENDATION ON
PLAINTIFF'S MOTION FOR LEAVE UNDER RULE 15(d) TO FILE FIRST
SUPPLEMENT TO THIRD AMENDED COMPLAINT (DOCKET NO. 190)**

---

**Entered by United States Magistrate Judge Michael J. Watanabe**

This matter is before the court on Plaintiff's Motion for Leave Under Rule 15(d) to File First Supplement to Third Amended Complaint (docket no. 190). The court has reviewed the subject motion, joint response (docket no.194), and reply (docket no. 195). In addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law, and recommendation.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

This lawsuit involves one claim pursuant to 42 U.S.C. § 1983, brought by

Plaintiff Michael Zinna against Defendants the Board of County Commissioners of the County of Jefferson and James Congrove. Plaintiff claims that Defendants deprived him of his First Amendment rights by informing him that they would be more receptive towards settling a lawsuit (in which Plaintiff claimed a third party beneficial interest) if Plaintiff refrained from filing Open Records Act requests, attending Board meetings, appearing in the Jefferson County Courts and Administration Building, and publishing critical articles on his website relating to Jefferson County officials and policies. It should be noted that Judge Matsch previously declined to exercise supplemental jurisdiction over any state law claims.

Plaintiff Zinna requests that this court grant the subject motion (docket no. 190) and allow a supplement to Plaintiff Zinna's third amended complaint (docket no. 89). In particular, Plaintiff Zinna seeks the following supplements to his third amended complaint (docket no. 89):

1. That Defendants used a private investigator to conduct surveillance on Plaintiff in the spring and summer of 2006;

2. That Defendants used information collected by this private investigator to disparage Plaintiff by posting such information on a website using the domain name ww.ColoradoWackoExposed.com;

3. That Defendants distributed information relating to Plaintiff to friends and business associates of Plaintiff in a coordinated effort to interfere with the sponsorship of Plaintiff's radio talk show; and,

4. That injury resulted to plaintiff when his radio talk show was

canceled as a result of Defendants' campaign to disparage him.

Rule 15(d) of the Federal Rules of Civil Procedure permits a party to supplement a complaint with allegations of post-complaint activities that relate to the underlying lawsuit. Conversely, Rule 15(a) allows a party to amend or perfect a complaint by adding additional allegations of pre-complaint activity. Courts have broad discretion under Rule 15(d) to grant or deny a motion to supplement. Walker v. United Parcel Serv., Inc., 240 F.3d 1268, 1278 (10th Cir. 2001). "[S]upplementation or amendment may be denied if (1) the moving party is guilty of inexcusable delay; (2) if additional delay would occur in an action ripe for trial, or (3) the opposing party would suffer undue prejudice. In addition to these grounds, courts have denied leave to amend when amendment would be futile." Salt Lake Tribune Pub. Co., L.L.C. v. MediaNews Group, Inc., 2007 WL 2156612, *6 (D. Utah July 26, 2007) (footnotes and citations omitted).

Here, I find that Plaintiff Zinna filed his original complaint (docket no. 1) on June 3, 2005. Plaintiff Zinna was granted leave of court to amend his complaint three times in the past. The third amended complaint was accepted for filing on January 25, 2006 (docket no. 88 and 89). The third amended complaint alleges a single First Amendment civil rights claim as more fully described above. The third amended complaint is the operative pleading in this case.

I further find that the subject motion (docket no. 190) was filed on November 26, 2007, roughly two and one-half (2 ½) years after the original complaint was filed. Fact discovery has now been completed in this case. The court previously set a November

21, 2007, deadline to complete discovery. *See* Rule 16 Scheduling Order entered by Magistrate Judge Watanabe (docket nos. 143 and 144). This court allowed two depositions to be completed outside of the discovery cut off deadline. The court allowed the depositions of Daril Cinquanita and Frank Hutfless to be taken on December 12, 2007. *See* docket no. 188. The Final Pretrial Conference is set on March 3, 2008, at 8:30 a.m. Dispositive Motions were ordered to be filed on December 31, 2007, per the Rule 16 Scheduling Order entered by Magistrate Judge Watanabe on June 8, 2007 (docket nos. 143 and 144), but Magistrate Judge Watanabe later extended the time to file dispositive motions to January 18,2008. *See* minute order dated November 16, 2007 (docket no. 188).

I further find that Plaintiff Zinna's subject motion(docket no. 190) is untimely. Plaintiff Zinna was aware of the supplemental allegations that he now wants added to his third amended complaint as reflected in his deposition that was taken on February 12, and 13, 2007. *See* Plaintiff Zinna's deposition transcript excerpts on pages 5 and 6 of the joint response (docket no. 194) and through his companion case that Plaintiff Zinna filed in this court captioned: <u>Zinna v. ColoradoWackoExposed.com</u>, case no. 06-cv-01733-EWN-CBS, where he claims damages for what appear to be the same activities that are now set out in the subject motion (docket no. 190) before this court. I note that the complaint in the ColoradoWackoExposed litigation was filed on September 1, 2006, but not docketed until September 5, 2006. *See* docket no. 1 in case no. 06-cv-01733-EWN-MJW. Accordingly, nothing prevented Plaintiff Zinna from filing his subject motion (docket no. 190) much sooner in the litigation. Under these

circumstances, Plaintiff Zinna's delay in filing the subject motion (docket no. 190) is unreasonable and without excuse. Moreover, Defendants would suffer significant prejudice since discovery has been completed and the deadline to file dispositive motions has expired. Finally, Defendant Board of County Commissioners of the County of Jefferson, Colorado, filed its Motion for Summary Judgment (docket no. 196) on January 18, 2008. Accordingly, under the case law of Fisher v. Oklahoma Dept. of Corrections Unknown State Actor and/or Actors, 213 Fed. Appx. 704, 709-10 (10th Cir. 2007); Minter v. Prime Equipment Co., 451 F.3d 1196, 1204-1211 (10th Cir. 2006); and Walker v. United Parcel Serv., Inc., 240 F.3d at 1278, the subject motion (docket no. 190) should be denied.

## RECOMMENDATION

**WHEREFORE**, based upon these findings of fact and conclusions of law, the court **RECOMMENDS**:

1. That Plaintiff's Motion for Leave Under Rule 15(d) to File First Supplement to Third Amended Complaint (docket no. 190) be **DENIED**; and,

2. That each party pay their own attorney fees and costs for this motion.

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have ten (10) days after service of this recommendation to serve and file written, specific objections to the above recommendation with the District Judge assigned to the case. The District Judge need not consider frivolous, conclusive,**

**or general objections. A party's failure to file and serve such written, specific objections waives** *de novo* **review of the recommendation by the District Judge, <u>Thomas v. Arn</u>, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions. <u>Makin v. Colorado Dep't of Corrections</u>, 183 F.3d 1205, 1210 (10th Cir. 1999); <u>Talley v. Hesse</u>, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Done this 22nd day of January 2008.

BY THE COURT

s/ Michael J. Watanabe
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE