IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action Number 05-cv-01016-RPM

MICHAEL L. ZINNA,

        Plaintiff,

v.

BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF JEFFERSON,
a body corporate and politic of the State of Colorado,
JAMES CONGROVE, individually and
in his official capacity as Chairman of the Board of County Commissioners of the County of Jefferson and Jefferson County Commissioner, District 1,

        Defendants.

---

ORDER GRANTING MOTION FOR SUMMARY JUDGMENT OF DEFENDANT BOARD
OF COUNTY COMMISSIONERS OF JEFFERSON COUNTY

---

In this civil action, Michael L. Zinna claims violation of his freedoms protected by the First and Fourteenth Amendments to the United States Constitution as alleged in the Third Amended Complaint, filed January 25, 2006. The defendants are the Board of County Commissioners of Jefferson County, Colorado ("County" or "Board") and James Congrove, a County Commissioner sued as an individual. The Board moved for summary judgment. At the hearing held on May 14, 2008, the plaintiff limited his claim against the County to the matters alleged in the Third Amended Complaint. There has been full discovery as to those allegations.

From the papers filed under Fed. R. Civ. P. 56, the Court finds and concludes that although the plaintiff has shown sufficient evidentiary support for some of his claims of

constitutional torts, he has failed to demonstrate the existence of a genuine issue of fact that the infringing activities were pursuant to an official policy, practice or custom of Jefferson County as required by *Monell v. Dep't of Social Servs.*, 436 U.S. 658 (1978).

"A county exercises its power by and through its board of commissioners, not through individual members . . . hence a board of county commissioners must act jointly through a majority of its members and not by individual members." *Nicholl v. E-470 Pub. Highway Auth.*, 896 P.2d 859, 866 (Colo. 1995) (internal citations and quotations omitted). A government unit such as the Board cannot be held liable under § 1983 based on the acts of a single official unless that official possesses final authority to establish policy with respect to the acts in question. *See Jantzen v. Hawkins*, 188 F.3d 1247, 1259 (10th Cir. 1999).

The Board of County Commissioners of Jefferson County has three members. Official action must be taken in accordance with the requirements of Colorado law, C.R.S. §§ 30-10-302 & 303, including the Colorado Open Records Act, C.R.S. § 24-72-101 et seq.

Michael Zinna has been an outspoken critic of Jefferson County government and its officials. Beginning in late 2003, he has actively collected information from public records and news sources for his publication on his websites, JeffcoExposed.com and ColoradoExposed.com. Zinna regularly attended Board meetings and often spoke during public comment portions.

In March 2005, Zinna suspended his reporting as a result of comments made by the County Attorney to counsel for a corporation, BJC Development Corporation, and its principal, Robert Wyler, that there could be no settlement of litigation between the County and BJC unless Zinna stopped his public criticisms and requests for County records. While not a party to that

litigation, Zinna had an expectation of economic benefit if BJC prevailed. During that same time, counsel for BJC urged Zinna to stay out of the County Administration Building.

After the negotiations failed and judicial proceedings proceeded unfavorably to BJC, Zinna resumed his activities. He testified that he was impeded in his efforts to obtain records and information from sources in the County Administration Building by close surveillance of him by Sheriff's deputies whenever he was in the building.

No evidence has been presented to show that the Board used the settlement negotiations to silence Zinna's criticism of County officials. There has been no showing that the Board authorized or endorsed the County Attorney's statements.

The deposition testimony and declarations cited by the plaintiff do not support an inference that the Board instructed the Sheriff's office to maintain "close contact surveillance" of Zinna whenever he was in the County Administration Building. There is no evidence that the Board took any action to restrict Zinna's access to public records.

The plaintiff contends that a switch was installed on the public microphone in the Board's hearing room and that it was used to silence his comments. That installation was apparently authorized but it is not sufficient in itself to violate the First Amendment. A governmental entity's installation and use of a microphone switch to limit the length of public comments during public meetings or quiet rude outbursts does not constitute an unreasonable restriction on speech. *See Shero v. City of Grove*, 510 F.3d 1196, 1203 (10th Cir. 2007). There is no showing that it was operated on any other occasion when Zinna was speaking.

Zinna has sought to show attempts to retaliate against a source of information concerning Commissioner Congrove by intimidating her employer. There is no evidence that this effort was made by other Commissioners.

The additional allegations of infringement of unconstitutional protections made in the third amended complaint are directed against Congrove, individually.

In summary, the material submitted in response to the County's motion for summary judgment are not sufficient to warrant trial of claims made against the County. This conclusion is drawn in recognition that a custom, policy or practice may be established even though there is no direct evidence of any official Board action. The Court also recognizes that liability may result from adoption or ratification of actions of a single commissioner by other members of the Board. The plaintiff has not shown that he has sufficient evidence to support a fair inference that the conduct complained to be infringements of Zinna's constitutional protections were pursuant to any informal Board action authorizing or ratifying that conduct.

Upon the foregoing, it is

ORDERED that the motion for summary judgment of Defendant Board of County Commissioners of Jefferson County, Colorado [Doc. 196] is granted.

Dated: May 23, 2008

BY THE COURT:

s/ Richard P. Matsch
_____
Richard P. Matsch, Senior District Judge