UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. **05-cv-01016-RPM**

MICHAEL L. ZINNA,
   Plaintiff,

v.

THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF JEFFERSON,
a body corporate and politic of the State of Colorado;
and
JAMES CONGROVE, individually, and in his official capacity as Chairman of the Board
of County Commissioners of the County of Jefferson and Jefferson County
Commissioner, District 1,
   Defendants.

---

## PROTECTIVE ORDER

---

  The Parties and their respective counsel stipulate and move the Court for a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure concerning the treatment of Confidential Information (as defined below). As grounds, the Parties state as follows:

  1) In this action, one or more Parties are in possession of or seek Confidential Information. The disclosure of such information outside the scope of this litigation could result in significant injury to the business or privacy interests of one or more of the Parties. The Parties have entered into this Stipulation

and request the Court enter this Protective Order for the purpose of preventing the disclosure and use of Confidential Information except as set forth herein.

2) "Confidential Information" includes information in which Michael L. Zinna, or any entity in which Mr. Zinna has a legal, equitable, or beneficial interest, has a reasonable expectation of privacy and confidentiality, in whatever form such information may be stored or documented, and regardless of how obtained or discovered. Confidential Information specifically includes, but is not limited to: non-public financial information or data regarding Mr. Zinna or any entity in which he has a legal, equitable, or beneficial interest; the private or confidential business or trade records, data, or information of Mr. Zinna or any entity in which he has a legal, equitable, or beneficial interest.

3) Where Confidential Information is produced, provided or otherwise disclosed by a Party in response to any discovery request, a Party may designate it as Confidential Information:

   a. By imprinting the words "Confidential Information" on the first page or cover of any document produced;

   b. By imprinting the words "Confidential Information" on the face of any computer storage device, including but not limited to compact disks and DVDs, containing documents or materials produced.

   c. By imprinting the words "Confidential Information" next to or above any response to a discovery request;

   d. By designating deposition testimony as containing "Confidential Information" on the record at the time of deposition; and

e. With respect to deposition testimony that was not designated as confidential at the time of deposition, by designating those portions of transcribed testimony as "Confidential Information" in writing no later than fourteen (14) calendar days after receipt of the transcribed testimony.

4) All Confidential Information shall be subject to the following restrictions:

a. It shall be used only for the purpose of this litigation as permitted by the Federal Rules of Civil Procedure or by order of the Court, and for no other purpose;

b. It shall not be communicated or disclosed by any Party's counsel or a Party in any manner, either directly or indirectly, to anyone except as necessary for the purposes of this case. The disclosure of Confidential Information to a person designated as an expert witness in this case shall be considered necessary for the purposes of this case. Any expert witness who receives Confidential Information shall be deemed subject to this order and must be provided with a copy of this order.

c. Any third party authorized to review Confidential Information pursuant to this Protective Order shall hold Confidential Information in confidence and shall not divulge the Confidential Information, either verbally or in writing, to any other person or entity who is not subject to this order.

d. No copies of Confidential Information shall be made except by or on behalf of counsel in this litigation and such copies shall be made and

used solely for purposes of this litigation. During the pendency of this litigation, counsel shall at all times retain custody of Confidential Information and copies made therefrom.

5) If Confidential Information is used in any court filing in this action, it shall not lose its confidential status as between the parties through such use. Confidential Information and pleadings or briefs quoting or discussing Confidential Information will not be accepted for filing "under seal" or otherwise kept out of the public record in this action, however, except by court order issued upon motion of the party seeking to file the documents under seal. Any motion requesting leave to file documents under seal shall comply with the requirements of D.C.COLO.LCivR 7.2 and 7.3 and demonstrate that the Confidential Information at issue is entitled to protection under applicable case law. No designation of a document as Confidential Information will prevent a party from offering that document at trial in this matter or be binding upon the Court in its consideration of issues to be determined at trial. If a document marked as Confidential Information is introduced at trial, the designation shall be removed prior to offering the document.

6) The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information pursuant to this Protective Order, and the Court shall retain continuing jurisdiction to enforce the terms of this Protective Order.

7) By agreeing to the entry of this Protective Order, the Parties adopt no position as to the authenticity or admissibility of documents produced subject to it.

8) Within sixty (60) days after the final disposition of all claims and defenses, including by settlement or expiration of time to appeal, counsel for the parties shall deliver to Mr. Zinna or his counsel all Confidential Information, in whatever form and however stored – with the sole exception of physical or digital copies of documents filed with the Court that contain such Confidential Information. Counsel may alternatively provide written assurance that all such Confidential Information has been destroyed.

9) Nothing in this Protective Order shall preclude any Party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which Confidential Information shall be treated at trial.

IT IS SO ORDERED

_____
District Judge

Dated: October 23, 2008

Stipulated and Agreed to and Respectfully Submitted this __23rd__ day of October, 2008.

By_/s Christopher P. Beall_____
Christopher P. Beall
Adam M. Platt

LEVINE SULLIVAN KOCH & SCHULZ, LLP
1888 Sherman Street, Suite 370
Denver, Colorado 80203
Tel.: (303) 376-2400
Fax.: (303) 376-2401
E-mail: cbeall@lskslaw.com

Attorneys for Plaintiff
**Michael L. Zinna**


By_/Patrick D. Tooley_____
Patrick D. Tooley

DILL, DILL, CARR, STONBRAKER & HUTCHINGS, P.C.
455 Sherman St., #300
Denver, CO 80203
Tel: (303) 777-3737
Fax: (303) 777-3823
E-mail: pdtooley@dillanddill.com

Attorneys For Defendant
**James Congrove**