IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 05-cv-01016-RPM

MICHAEL L. ZINNA,

        Plaintiff,

v.

BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF JEFFERSON,
   COLORADO, and
JAMES CONGROVE, individually,

        Defendants.

_____

ORDER DENYING PLAINTIFF'S MOTION TO SET ASIDE PRIOR SUMMARY
JUDGMENT
_____

On January 7, 2010, the plaintiff filed a motion to set aside order on motion for summary judgment [322] and amended it on the same date [323] with a brief in support [328] filed January 20, 2010. The motion may be considered a motion for reconsideration of this Court's order of May 23, 2008, granting motion for summary judgment of defendant Board of County Commissioners of Jefferson County. In that order, based upon the record then before the Court, summary judgment was granted because the plaintiff had failed to produce sufficient evidence to show that the actions taken against Mr. Zinna claimed to be infringements of his constitutional protections under the First Amendment were taken by the Board as a governmental entity or pursuant to any policy, practice or custom making the governmental entity liable under *Monell v. Dep't of Social Servs.,* 436 U.S. 658 (1978).

In support of the present motion, Mr. Zinna alludes to the testimony of witnesses at the jury trial of the claims against James Congrove, individually, as support for asserting that there is now such evidence. Particularly, the plaintiff refers to the testimony of James Moore, concerning the discussion of pursuing eviction proceedings of tenants at the condominium units in the airport property as being authorized formally by the Board. That is not new evidence. The reference is to an F.E.D. action, filed October 24, 2006, while this action was pending on the Third Amended Complaint, seeking eviction of the subtenants of Ralph and Carmelia Aiello Properties, LLC, lessee of the County. Mr. Zinna was only indirectly interested in this tenant occupancy and this Court excluded any claim for monetary damages to him from the Congrove trial on that basis.

The County has submitted a lengthy response to this motion, demonstrating the information made available through the course of discovery before the hearing on its motion for summary judgment.

The County also correctly observes that it was not represented at the Congrove trial and had no opportunity to question the witnesses whose testimony is now being asserted as constituting newly discovered evidence.

In this rather anomalous procedural posture of this case, the plaintiff's motion does depend upon a showing of newly discovered evidence under the standards of Fed.R.Civ.P. 60(b)(2) and the plaintiff has failed to meet that standard. Accordingly, it is

ORDERED that the plaintiff's motion to set aside this Court's order for summary

judgment is denied.

       DATED: September 24th, 2010

                            BY THE COURT:

                            s/Richard P. Matsch

                            _____
                            Richard P. Matsch, Senior District Judge