IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 05-cv-01016-RPM

MICHAEL L. ZINNA,

       Plaintiff,

v.

BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF JEFFERSON , COLORADO, and
JAMES CONGROVE, individually,

       Defendants.

_____

ORDER ON PLAINTIFF'S MOTION FOR AWARD OF REASONABLE ATTORNEY'S FEES AND NON-TAXABLE COSTS
_____

After 8 days of jury trial, the plaintiff was awarded $1,791.00 as damages under 42 U.S.C. § 1983 for James Congrove's use of his authority as a Jefferson County Commissioner to take adverse action against Mr. Zinna in violation of the First Amendment to the United States Constitution. A judgment entered accordingly on December 10, 2009. On January 20, 2010, the plaintiff moved for an award under § 1988(b) for attorney's fees and non-statutory costs. The defendant filed his opposition, asserting that no fees or additional costs should be awarded because of the nominal amount of the verdict as compared with the claims made by the plaintiff throughout the course of this protracted litigation. The plaintiff's motion contains detailed time records and complies with the requirements of D.C.Colo.LCivR 54.3.

During deliberations the jury inquired as to the date of the adoption of the First Amendment. It is apparent that the jurors used that date, 1791, as the measure of damages. It is appropriate, therefore, to consider this case as the recovery of nominal damages. That limited recovery does not preclude the plaintiff from seeking attorney fees under § 1988 as the prevailing party.

In *Phelps v. Hamilton,* 120 F.3d 1126 (10th Cir. 1997), the Tenth Circuit Court of Appeals adopted the analytical approach suggested by Justice O'Connor in her concurring opinion in *Farrar v. Hobby,* 506 U.S. 103, 116-122 (1992). The factors to be considered are (1) the difference between the judgment recovered and the recovery sought; (2) the significance of the legal issue on which the plaintiff prevailed; and (3) the public purpose of the litigation. *Phelps* at 1131.

The lodestar approach commonly used in determining the reasonableness of attorney's fees sought by the prevailing party in civil rights litigation would support much of what the plaintiff is claiming although the services performed include much of prosecuting claims against other defendants. Additionally, the plaintiff amended pleadings and brought claims which never went to trial.

The first factor, in itself, would justify a very substantial reduction of the fees claimed.

The significance of the legal issue involved in this trial is weighty. The protection of a citizen's right to comment on the conduct of elected governmental officials is of paramount importance in a democratic society. That importance is magnified in matters

of local government where the activities of those officials are not often the subject of review by established news media.

Mr. Zinna's counsel, in the plaintiff's trial brief, described him as a new kind of journalist, using the internet and electronic media in "muckraking efforts" to present stories of abuse of power by public officials, express his opinions and provide an interactive forum for his readers and listeners. (Doc. 288 ). The tone of his public comments was consistently vituperative designed more to incite passion than to inform. James Congrove became the prime target for Mr. Zinna and the evidence is clear that Mr. Zinna's comments were spiteful, largely motivated by his disappointment resulting from the failure of Mr. Congrove to support development of projects at the county airport which would have been to Mr. Zinna's financial benefit. Mr. Zinna had some expectation of favorable treatment because of his prior friendship and political support of Mr. Congrove.

This personal animosity affects the third factor in the analysis–the public purpose of the litigation. This case is much more a matter of a personal quarrel than a public exposure of misconduct by public officials. There is a corresponding freedom of speech for public officials to bring public attention to those who attack them. Much of Mr. Congrove's conduct was in the exercise of that freedom.

Considering all aspects of this case, the Court finds and concludes that the plaintiff should recover the reasonable cost of presenting this case to the jury which warrants a fee of $8,000.

The plaintiff filed a bill of costs and the defendant filed his objections to the claim

for $11,930.19 under 28 U.S.C. § 1920. The objections are valid. The costs allowable are $9,464.51.

Upon the foregoing, it is

ORDERED, that the judgment entered on December 10, 2009, is increased by the allowance of a reasonable attorney's fee of $8,000.00 and costs of $9,464.51.

DATED: September 24th, 2010

BY THE COURT:

s/Richard P. Matsch

_____
Richard P. Matsch, Senior District Judge