UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-01016-RPM

MICHAEL L. ZINNA,

       Plaintiff,

v.

JUDY CONGROVE, as personal representative of the Estate of James Congrove, deceased,

       Defendant.

_____

**PLAINTIFF'S APPLICATION FOR AWARD OF APPELLATE ATTORNEY'S FEES**
_____

Plaintiff Michael L. Zinna, through his undersigned counsel with Levine Sullivan Koch & Schulz, LLP, pursuant to 42 U.S.C. § 1988(b), D.C. Colo. L. Civ. R. 54.3, and the orders of the United States Court of Appeals for the Tenth Circuit in the appeal of this proceeding, respectfully moves for an award of his reasonable attorney's fees incurred in the prosecution of Mr. Zinna's appeal of the District Court's underlying fee award.

In sum, the plaintiff seeks an award under Section 1988(b) of **$ 63,820.00** in appellate fees. Based on the rulings already entered by the Tenth Circuit, Mr. Zinna's entitlement to a recovery of his reasonable attorney's fees for having prevailed in all respects in his appeal has already been established, and the amount of fees being sought here is reasonable under the circumstances.

In support of this Motion, the plaintiff states as follows:

**Procedural Background**

On December 9, 2009, the jury hearing the trial of Mr. Zinna's Section 1983 claim for unlawful retaliation under the First Amendment returned a verdict finding that Mr. Congrove "had used his authority as a Jefferson County Commissioner to take adverse action against Mr. Zinna in violation of the First Amendment to the United States Constitution." [Verdict, Doc. #316-2, Dec. 9, 2009.] Following post-trial motions and Mr. Zinna's application for attorney's fees under 42 U.S. § 1988(b), on September 24, 2010, the Court here entered its initial order on Mr. Zinna's request for a fee recovery, awarding fees in the amount of $8,000, and costs in the amount of $9,464.51. [Order, Doc. #356, Sept. 24, 2010.]

Mr. Zinna took an appeal of that portion of the Court's order setting the amount of attorney's fees at $8,000, and in a published opinion issued on June 5, 2012, the Tenth Circuit held that the trial court's underlying attorney's fees award constituted an abuse of discretion. *See Zinna v. Congrove*, 680 F.3d 1236, 1241-42 (10th Cir. 2012). In a separate order issued on July 25, 2012, the Tenth Circuit also granted Mr. Zinna's motion for an award of appellate attorney's fees incurred during the appellate proceedings and remanded that matter to the District Court for a determination of the appropriate amount of the appellate fees. [Order, Doc. #386, July 25, 2012.]

The motion here for a determination of those appellate fees is submitted pursuant to the Court's scheduling order directing that Mr. Zinna submit a renewed motion for his appellate fees in this case. [Order Re Appellant's Attorney's Fees, Doc. #392, Nov. 8, 2012.]

**Appellate Fees Incurred**

As set out in the accompanying Declaration of Tracy L. Ashmore, various attorneys and a paralegal at her firm of Robinson, Waters & O'Dorisio, P.C. ("RWO") worked on the Tenth Circuit appeal of the attorney's fees issue, although Ms. Ashmore was the lead appellate counsel, handling all of the brief-drafting and the argument. In all, these attorneys and staff recorded a total of 224.6 hours in working on this appeal, with Ms. Ashmore accounting for 190.4 hours of work on her own. (Ashmore Decl., ¶ 4 and Ex. A-1.) These hours amount to $63,820.00 in fees based on hourly billing rates ranging from $110 to $365 per hour – Ms. Ashmore's time was billed at $300 per hour. (*Id.* ¶¶ 4, 7.)

**Argument**

In any fee request under Section 1988(b), an applicant must prove two elements: (1) that the applicant was the "prevailing party" in the proceeding; and (2) that the applicant's fee request is "reasonable." *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Robinson v. City of Edmond*, 160 F.3d 1275, 1280-81 (10th Cir. 1998); *Phelps v. Hamilton*, 120 F.3d 1126, 1129 (10th Cir. 1997). To determine the reasonableness of a fee request, the Court must begin by calculating the so-called "lodestar" amount of a fee, which the cases hold is a presumptively "reasonable" fee. *See Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 563-65, (1986); *see also United Phosphurus, Ltd. v. Midland Fumigant, Inc.*, 205 F.3d 1219, 1234 (10th Cir. 2000); *Homeward Bound, Inc. v. Hissom Mem'l Ctr.*, 963 F.2d 1352, 1355 (10th Cir. 1992); *Cooper v. Utah*, 894 F.2d 1169, 1171 (10th Cir. 1990). This lodestar calculation is the product of the number of attorney hours "reasonably expended" and a "reasonable hourly rate." *Hensley*, 461 U.S. at 433; *see also Blum v. Stenson*, 465 U.S. 886, 895 (1984); *Phelps*, 120

F.3d at 1131. "Once an applicant for a fee has carried the burden of showing that the claimed rate and number of hours are reasonable, the resulting product is presumed to be a reasonable fee as contemplated by Section 1988." *Cooper*, 894 F.2d at 1171.

The Tenth Circuit has directed that, in assessing the hours and rates sought to be recovered in a fee application under Section 1988(b), "A district court should approach this reasonableness inquiry 'much as a senior partner in a private law firm would review the reports of subordinate attorneys when billing clients.'" *Robinson*, 160 F.3d at 1281 (quoting *Ramos v. Lamm*, 713 F.2d 546, 555 (10th Cir.1983), overruled on other grounds, *Del. Valley Citizens' Council*, 483 U.S. at 725). In this regard, counsel are expected to exercise their "billing judgment," "mak[ing] a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434, 437. "In other words the object is to simulate the market where a direct market determination is infeasible." *Steinlauf v. Continental Ill. Corp.*, 962 F.2d 566, 572 (7th Cir. 1992).

The Tenth Circuit explained that the "reasonableness" of a fee amount under the "lodestar" calculation is a function of the following non-exclusive factors: (1) whether the tasks being billed would normally be billed to a paying client, (2) the number of hours spent on each task, (3) the complexity of the case, (4) the number of reasonable strategies pursued, (5) the responses necessitated by the maneuvering of the other side, and (6) potential duplication of services by multiple lawyers. *See Ramos*, 713 F.2d at 554; *see also Zinna*, 680 F.3d at 1241-42.

In *Brown v. Phillips Petroleum Co.*, 838 F.2d 451 (10th Cir.1988), the Tenth Circuit also approved consideration of the factors articulated by the Fifth Circuit in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir.1974), overruled on other grounds in, *Blanchard v.*

*Bergeron*, 489 U.S. 87 (1989). The *Johnson* factors include: (1) the time and labor involved; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) any prearranged fee; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.  See 488 F.2d at 454-55; *see also EchoStar Satellite L.L. C. v. Channel One TV, Inc.*, 2007 WL 596362, at *1-*3 (D. Colo. Feb. 21, 2007).

With respect to the hourly rate to be applied to the hours invested in a case, the Tenth Circuit stated in *Lucero v. City of Trinidad* that a district judge may rely on personal knowledge of prevailing market rates in the community as well as other indicia of a reasonable market rate. 815 F.2d 1384, 1385 (10th Cir. 1987).

Ultimately, as the Tenth Circuit stated in *Robinson*, "It goes without saying that if a court's compensation is not adequate to match what the market will bear for a lawyer's services, then competent lawyers will go elsewhere to offer their services. Such a result would do irreparable damage to our system of private enforcement of federal civil rights."  160 F.3d at 1281.

Based on all of the foregoing, the lodestar amount for the appellate fees being sought in this application – $63,820.00 – is reasonable, especially in light of the vigor with which the defendant litigated this case for more than six years.  *See, e.g.*, *Copeland v. Marshall*, 641 F.2d

880, 904 (D.C. Cir. 1980) (*en banc*) ("The government cannot litigate tenaciously and then be heard to complain about the time necessarily spent by the plaintiff in response.").[1]

Here, the appellate proceedings involved not only the usual appellate briefing, but also work on a mandatory mediation session with the Circuit Mediator, work related to the substitution of parties after the death of the defendant, as well as preparation for a significant oral argument. (Ashmore Decl., ¶ 5 and Ex. A-1.) The fact that the Tenth Circuit elected to publish its opinion on this appeal further buttresses the conclusion that the amount of work expended by Mr. Zinna's appellate counsel was appropriate and that Mr. Zinna achieved substantial success on his appeal.

Separate from the lodestar factors discussed in the precedents, the Court's recent order on remand suggests that the Court also is inclined to consider the ability of the defendant to pay as an additional factor in the assessment of the reasonableness of an attorney's fee award. [Findings, Conclusions, and Order, Doc. #391, at 7, Nov. 8, 2012 ("It would be a great injustice to now saddle [Congrove's] estate with a large fee award.").] The Court made this assessment without providing the parties an opportunity to address whether Mr. Congrove had expended any of his own funds in defense of this case. Were the Court to have taken evidence on that point, the record would show that Mr. Congrove's estate faces no risk of exposure for any financial liability in this case in light of Colorado state law mandates requiring the Jefferson County Board

---

[1] As discussed in the Ashmore Declaration, the hour hours and rates incurred in this appeal were all reasonable and appropriate. (*Id.*, ¶¶ 8, 9.) Indeed, the hourly rates for these attorneys and staff are all well below market rates for such work in the Denver legal market. *See Morris v. Potter*, Case No. 06-cv-00432-MSK-CBS, 2008 WL 5381475, at *6 (D. Colo. Dec. 22, 2008); *Colo. Right to Life Comm., Inc. v. Kaufman*, Case No. 03-cv-01454-WDM, 2008 WL 4197790, at *3 (D. Colo. Sept. 20, 2008); *Lucas v. K-Mart Corp.*, Case No. 99-cv-01923-JLK-CBS, 2006 WL 2729260, at *5, 18 Am. Disabilities Cas. (BNA) 695 (D. Colo. July 27, 2007).

of County Commissioners to indemnify Mr. Conrove for his defense in this case. *See* Colo. Rev. Stat. §§ 24-10-110(1)(a) and -110(1)(b)(I) (Colorado Governmental Immunity Act); *Brown v. Gray*, 227 F.3d 1278, 1293 (10th Cir. 2000) ("The Governmental Immunity Act thus requires a public employer to provide defense costs to [all local government officers] unless the fact finder determines [the officer] was acting outside the scope of duty when the injury creating the liability occurred."); *see also* Declaration of Christopher Ball, ¶¶ 3-5 (attesting that Congrove's counsel have confirmed that Jefferson County has been paying the cost of Mr. Congrove's legal defense).

In this case, Mr. Zinna achieved a complete victory on his appeal, and as such, he should receive a full award of the lodestar amount of $64,029.00. *See Robinson*, 160 F.d at 1284 ("[W]hen a plaintiff achieves the principal goal of her lawsuit, lack of success on some of her interrelated claims may not be used as a basis for reducing the plaintiff's fee award. When a plaintiff achieves most or all of what she aimed for in a civil rights lawsuit, her lawyer should receive "a fully compensatory fee.") (quoting *Hensley*, 461 U.S. at 435).

## Conclusion

Based on the foregoing, the plaintiff is the "prevailing party" under Section 1988(b) in his appeal in the Tenth Circuit, and a "reasonable" fee award in this case is no less than **$ 63,820.00**.

Respectfully submitted this  23rd  day of November, 2012,

>By  */s Christopher P. Beall*
>    Christopher P. Beall
>
>LEVINE SULLIVAN KOCH & SCHULZ, LLP
>1888 Sherman Street, Suite 370
>Denver, Colorado  80203
>Tel.:  (303) 376-2400
>Fax.:  (303) 376-2401
>E-mail:    cbeall@lskslaw.com
>
>Attorneys for Plaintiff
>**Michael L. Zinna**

## CERTIFICATE OF SERVICE

  I hereby certify that on this __23rd__ day of November, 2012, I filed the foregoing **PLAINTIFF'S APPLICATION FOR AWARD OF APPELLATE ATTORNEY'S FEES** with the Court through the ECF-CM electronic filing system, which will automatically deliver services copies of the same to the list of counsel of record for this action, including the following attorneys:

  Patrick D. Tooley, Esq.
  Kevin Coates, Esq.
  DILL DILL CARR STONBRAKER & HUTCHINGS, P.C.
  455 Sherman Street, Suite 300
  Denver, Colorado 80203
  pdtooley@dillanddill.com

                /s Christopher P. Beall