UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 05-cv-01016-RPM

MICHAEL L. ZINNA,

    Plaintiff,

v.

JUDY CONGROVE, as personal representative of the estate of James Congrove, deceased,

    Defendant.

_____

ORDER AWARDING APPELLATE ATTORNEY FEES
_____

Pursuant to the order of the Tenth Circuit Court of Appeals, entered July 28, 2012, granting Appellant Michael L. Zinna's motion for attorney fees for his appeal and directing this court to determine the amount of the award, an order was entered on November 8, 2012, for the filing of a motion pursuant to D.C.COLO.LCivR 54.3. Christopher Beall, who is again representing Mr. Zinna in this court, complied with that order by filing an application on November 23, 2012.  The fee request for $63,820.00 is supported by the Declaration of Tracy L. Ashmore, attesting to Exhibit A-1, the billing statement of her law firm, Robinson, Waters & O'Dorisio, P.C. (RWO), detailing the times of service and charges of five lawyers and one paralegal chargeable to Michael Zinna for the period from November 22, 2010, to October 15, 2012. The total of $73,318.50 was reduced to exclude time entries not directly related to work on the appeal.

The defendant filed a response on December 13, 2012, challenging the reasonableness of the requested fee award.  A reply was filed on January 7, 2013.  In the reply the plaintiff observes that in challenging the amount of time spent in connection with the appeal, the defendant has ignored "the central fact that appellate counsel did not participate in the trial court proceedings, and as a result, appellate counsel were necessarily obliged to read and re-read the voluminous trial record in this case." (Doc. 397, p 2-3).

Mr. Beall filed his motion to withdraw in this case on October 18, 2010, advising that he had been engaged only to handle the trial court proceedings (#357).  That motion was granted on October 19, 2010, after Mr. Beall filed an Amended Notice of Appeal of the following orders:

- The Order Granting Motion For Summary Judgment Of Defendant Board Of County Commissioners Of Jefferson County, Doc. # 217, entered May 23, 2008;

- That portion of the Judgment, Doc. # 318, entered December 10, 2009 that withdrew from the jury's consideration any award of economic damages, and all prior orders, rulings or determinations that led to or are incorporated into that aspect of the Judgment;

- The Order Denying Plaintiff's Motion To Set Aside Prior Summary Judgment, Doc. # 353, entered September 24, 2010, and the accompanying Final Judgment Dismissing Plaintiff's Claims Against Board Of County Commissioners Of Jefferson County, Doc. # 354, entered the same day; and,

- The Order On Plaintiff's Motion For Award Of Reasonable Attorney's Fees And Non-Taxable Costs, Doc. # 356, entered September 24, 2010.

Christopher Beall was re-engaged by Mr. Zinna and filed a notice of renewed entry of appearance on October 15, 2012.

Whatever the reason, the increased cost of this change of counsel should not be borne by the defendant. Initially Kimberly Breutsch of RWO undertook representation of Mr. Zinna. Her preliminary services in determining whether to accept this representation and the determination of the scope of the appeal are not compensable.

The scope of the appeal was narrowed to a single issue–whether the order of September 24, 2010, awarding $8,000.00 as the reasonable cost of presenting this case to the jury and, therefore, the fee awarded under 42 U.S.C. § 1988, was arbitrary. The appellant prevailed on that issue for the reasons given by the Tenth Circuit Court of Appeals in a published opinion, *Zinna v. Congrove,* 680 F.3d 1236 (10th Cir. 2012).

What must now be determined is the reasonable amount to be awarded to the plaintiff for the legal services performed to achieve that result. There is no challenge to the hourly rates charged by the attorneys in RWO.

Tracy Ashmore was principal counsel in this appeal. Her skill as an appellate advocate is demonstrated by her persuading the author of the appellate opinion to emphasize the importance of Zinna's journalism in performing a public service in encouraging transparency and accountability among public officials. In effect Ms. Ashmore romanticized the trial result in this case by coloring it as a decisive victory for the constitutional protections of those who challenge the conduct of public officials.

In the court's opinion Judge Lucero wrote:

> More significantly, Congrove's [sic] success before the jury on his First Amendment claim was ignored by the district court." (*Id.* At 1241).

That is a false accusation and a patronizing insult to this court's integrity.  In the order appealed from, this court included the following pragraphs:

> The significance of the legal issue involved in this trial is weighty. The protection of a citizen's right to comment on the conduct of elected governmental officials is of paramount importance in a democratic society. That importance is magnified in matters of local government where the activities of those officials are not often the subject of review by established news media.
>
> Mr. Zinna's counsel, in the plaintiff's trial brief, described him as a new kind of journalist, using the internet and electronic media in "muckraking efforts" to present stories of abuse of power by public officials, express his opinions and provide an interactive forum for his readers and listeners. (Doc. 288 ). The tone of his public comments was consistently vituperative designed more to incite passion than to inform. James Congrove became the prime target for Mr. Zinna and the evidence is clear that Mr. Zinna's comments were spiteful, largely motivated by his disappointment resulting from the failure of Mr. Congrove to support development of projects at the county airport which would have been to Mr. Zinna's financial benefit. Mr. Zinna had some expectation of favorable treatment because of his prior friendship and political support of Mr. Congrove.
>
> This personal animosity affects the third factor in the analysis–the public purpose of the litigation. This case is much more a matter of a personal quarrel than a public exposure of misconduct by public officials. There is a corresponding freedom of speech for public officials to bring public attention to those who attack them. Much of Mr. Congrove's conduct was in the exercise of that freedom.

Those statements were carefully considered after hearing and seeing the witnesses testifying in this case, particularly Mr. Zinna, and observing the jury's reaction to the evidence.  The RWO lawyers chose not to appeal this court's rulings striking the extravagant damages claimed by the plaintiff and limiting the issues to a declaration that the First Amendment was violated and whether the plaintiff sustained emotional

distress.  The dismissal of the claims against the other county commissioners and county officials prior to trial was removed from the appeal initiated by Mr. Beall.  To reach that decision appellate counsel were required to review the record of the trial court proceedings.  That is not time that should be compensated under § 1988.

The concurring judge agreed with this court's assessment of all three of the factors set forth in *Farrar v. Hobby*, 506 U.S. 103, 116-22 (1992).  He agreed with the majority in concluding that this court's failure to adequately explain the basis for the amount of the attorney's fee awarded made it appear to be arbitrary.

That error has now been corrected by the Findings, Conclusions and Order on Plaintiff's Application for Attorneys' Fees Upon Remand, entered on November 8, 2012.

The perception that the first award was arbitrary is justified by this court's failure to give a better explanation of its decision.  The new award of $16,240.00 has now been explained and is the result of a carefully considered exercise of discretion in making a substantial reduction based on the limited success after eight days of trial.  The jury's verdict is a symbolic one.  It is fairly interpreted as a collective judgment that the mountainous claim presented by the plaintiff was in reality a molehill.

The fees that are recoverable in this matter include the services in complying with the requirement of Tenth Circuit R. 33 that counsel participate in a mediation conference.  That service was performed by Ms. Breutsch on January 5, 2011, for which she charged $687.50.

The writing of the opening and reply briefs was the work of Ms. Ashmore with some assistance of others.  She recorded 57.9 hours for that service in May, 2011, charging a total of $17,370.00.

The reply brief was drafted in July, 2011, and Ms. Ashmore recorded 53.1 hours at a charge of $15,930.00.

She recorded 41 hours as time spent preparing for oral argument.  That is excessive and should be reduced to eight hours for review of her earlier work.  Attendance at oral argument on November 14, 2011, at a charge of $750.00 is reasonable even though the appellate court has strict time limits for the actual arguments.

The total charge of $37,137.00 is excessive because the times recorded are more than reasonably to be expected if there had not been a charge of counsel.  It is to Ms. Ashmore's credit that she went to great lengths to familiarize herself with the record of the proceedings in this court, but that is not time that should be compensated under this fee shifting statute.

RWO charged for time spent in discussing this case with ACLU lawyers attempting to persuade them to file an amicus brief.  While the failure of these efforts may have been due to many factors, a possible explanation is that they did not agree that this case was a decisive victory for the First Amendment.

It is appropriate to reduce the total charges to what would be reasonable to address the single issue to be argued–that the failure to explain more fully an award of $8,000.00 for the services of trial counsel for eight days of trial resulting in a plaintiff's verdict is arbitrary and requires reversal and reconsideration.  That issue did not require an effort to persuade appellate judges to indulge in their own evaluation of the *Farrar* factors in this case.

Briefing and argument of the limited issue on appeal should have required no more than 60 hours, compensable at $300.00 per hour, making a reasonable award of $18,000.  Added to that is the $687.50 for appearance at the mediation conference for a total of $18,687.50.  It is

SO ORDERED.

DATED: March 15th, 2013

BY THE COURT:

s/Richard P. Matsch

_____
Richard P. Matsch, Senior Judge